UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jack Nathaniel Nathans, ) | Civil Action No.: 5:14-cv-03859-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Kaymani D. West.[1] Plaintiff, Jack Nathaniel Nathans, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Magistrate Judge recommended reversing the administrative law judge's decision denying Plaintiff's claim for benefits and remanding the case for further administrative action.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB and SSI on December 15, 2011, alleging disability as of September 1, 2008. The applications were denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). A hearing was held before the ALJ on July 25, 2013. Plaintiff, represented by an attorney, appeared and testified. Plaintiff's mother and a

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

vocational expert also testified.  The ALJ issued a decision on August 9, 2013, finding that Plaintiff was not disabled.  The ALJ's findings are as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since September 1, 2008, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: gout, major depressive disorder, and alcohol dependence (20 C.F.R. 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to occasional performance of postural activities.  He can do no overhead work but can do frequent handling.  He must avoid concentrated exposure to fumes, gases, and hazards.  The claimant is further limited to the performance of simple, routine, repetitive tasks with no ongoing interaction with the public.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on March 24, 1968 and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

  8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416-964).

  9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

  10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

  11.  The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[ALJ Decision, ECF #6-2, at 13-22, Tr. 12-21].

  The ALJ's finding became the final decision of the Commission when the Appeals Council denied Plaintiff's request for further review on July 29, 2014. Plaintiff filed this action on October 2, 2014, seeking judicial review of the ALJ's decision. [Compl., ECF #1]. Both Plaintiff and Defendant filed briefs, [ECF ## 14 & 16]. The Magistrate Judge issued her Report and Recommendation ("R&R") on November 16, 2015, recommending that the ALJ's decision be reversed and this case remanded for further proceedings. [R&R, ECF #20]. Defendant filed timely objections to the R&R on December 3, 2015. [Defendant's Objections, ECF #22]. Plaintiff did not file a response or reply to Defendant's objections to the Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by

demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations.  20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments.  *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975).  This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors.  20 C.F.R. §§ 404.1560(a) & § 416.960(a).  These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform.  *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966.  If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors.  *Id.* §§ 404.1560(c)(1) & 416.960(c)(1).  Appendix 2 of Subpart P governs the interrelation between these vocational factors.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

In this appeal from the ALJ's decision denying Plaintiff's claim for DIB and SSI, Plaintiff raised three issues: 1) the ALJ failed to explain his findings regarding Plaintiff's residual functional capacity ("RFC") as required by Social Security Ruling 96-8p; 2) the ALJ failed to properly assess opinion evidence; and 3) the ALJ failed to adequately assess Plaintiff's credibility.  As to Plaintiff's RFC arguments, the Magistrate Judge found that the ALJ adequately discussed the evidence and did not err in his consideration of Plaintiff's gout, insomnia, and alcohol dependence in determining Plaintiff's RFC.  Concerning the ALJ's assessment of opinion evidence, the Magistrate Judge found that the ALJ properly assessed the opinion evidence and articulated sufficient reasons for assigning less weight to the opinion of Dr. Schleimer.  Finally, with regard to the ALJ's assessment of Plaintiff's credibility, the Magistrate Judge recommended remand because the ALJ made no mention of Plaintiff's prior work record when assessing Plaintiff's credibility.

Plaintiff did not file objections to the Magistrate Judge's findings that: 1) the ALJ did not err in his consideration of Plaintiff's gout, insomnia, and alcohol dependence in determining Plaintiff's RFC; and 2) the ALJ properly assessed the opinion evidence and articulated sufficient reasons for assigning less weight to the opinion of Dr. Schleimer.  Having reviewed the record for clear error, the Court agrees with the recommendation of the Magistrate Judge with regard to the determination of Plaintiff's RFC and the assessment of Dr. Schleimer's opinion and adopts those portions of the Report and Recommendation without objection.

However, the Court respectfully declines to adopt the portion of the Report and Recommendation that recommends remand based on the ALJ's failure to mention or consider Plaintiff's prior work record when discussing Plaintiff's credibility.  The Magistrate Judge, relying

on *Spissinger v. Colvin*, No. 5:12-CV-03454-DCN, 2014 WL 4955257, at *3 (D.S.C. Sept. 29, 2014) (citing *Gregorie v. Colvin*, No. 6:12-cv-3275, 2014 WL 3909175 (D.S.C. Aug. 11, 2014) (remanding case because ALJ failed to mention plaintiff's work history when evaluating her credibility); *Osgood v. Astrue*, No. 2:08-cv-3386, 2010 WL 737839 (D.S.C. Mar. 2, 2010) (same)), stated that "SSR 96-7p and 20 C.F.R. § 404.1529 require the ALJ to at least consider a good work record in [his] credibility determination." Because the ALJ did not mention Plaintiff's good work record in the assessment of Plaintiff's credibility, the Magistrate Judge recommended remand.

Defendant filed an objection to the Magistrate Judge's recommendation that the case be remanded arguing that Plaintiff's work history alone cannot defeat substantial evidence, including objective medical evidence, which fails to support Plaintiff's subjective statements. Defendant further argued that work history is just one of many factors to consider when determining an individual's credibility and it is well-settled that an ALJ need not discuss explicitly each element of a regulation in order to account substantively for the regulatory factors. Defendant argues that the ALJ acknowledged Plaintiff's work history at step four and therefore appropriately considered Plaintiff's work history. Finally, Defendant argues that the cases relied on by the Magistrate Judge involve claimants with significantly longer work histories than the Plaintiff in this case.

As this Court has previously stated, "while a long work history may be a factor supporting credibility, it is not controlling." *Maner v. Colvin*, C/A No. 1:12-2969-RBH, 2014 WL 4656383, at *5 (D.S.C. Sept. 17, 2014). In this case, substantial evidence supports the ALJ's findings regarding Plaintiff's credibility. The ALJ stated that "[d]espite the claimant's tremendous pain complaints in nearly all joints with movement, Dr. Schaefer noted that physical examination was not consistent with the level of pain reported by the claimant." Tr. at 17. The ALJ also stated:

> The claimant told the consultative examiner that he had to register as a sex offender due to having sexual relations with his future wife, who was sixteen years old, when he was eighteen (Exhibit 9F). However, he told his treating psychiatrist, Dr. Rosen, that he was registered as a sex offender due to an incident he claims never occurred with an 11 year old in 1990 (Exhibit 12F). Although this situation is not directly related to the issue of the claimant's disability, the claimant's inconsistent reports reflect negatively on his overall credibility. Further detracting from the claimant's credibility is Dr. Schaefer's observation that the claimant's complaints of severe pain were inconsistent with the findings on physical examination (Exhibit 7F).
>
> Notably, objective findings on physical and mental examinations have generally documented mild to moderate symptoms, which are inconsistent with the claimant's allegations of symptoms of disabling severity. For instance, the claimant's allegation that he experiences gout flares so severe that he has to crawl to the lavatory are inconsistent with objective findings when he has presented for emergency treatment, which document an ability to ambulate independently albeit with some pain.

Tr. at 19. The ALJ cited several reasons for discounting Plaintiff's credibility. The ALJ also noted Plaintiff's past relevant work at step four. The claimants in the cases relied on by the Magistrate Judge had significantly longer work histories than Plaintiff in this case. The Court declines to adopt an enhanced credibility doctrine that would require automatic remand any time an ALJ fails to discuss a claimant's good work record in determining credibility. To the extent the ALJ erred in failing to specifically discuss Plaintiff's work record in determining credibility, such error was harmless. *See Maner*, 2014 WL 4656383, at *5; *Jones v. Colvin*, No. 1:12-2894-TMC, 2013 WL 5883382 (D.S.C. October 30, 2013). Accordingly, the Court respectfully rejects the portion of the Report and Recommendation that recommends remand based on the ALJ's failure to mention or consider Plaintiff's prior work record when assessing Plaintiff's credibility.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Defendant's objections to the R&R, and applicable law. For the foregoing reasons, the Court respectfully adopts in part and rejects in part the Magistrate Judge's R&R as indicated above. The Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

February 3, 2016  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge